**S.R. by her next friend S.H.R. and S.H.R., Respondents,**

v.

**K.M., Appellant.**

**No. ED 88205.**

Missouri Court of Appeals, Eastern District, Division Three.

June 19, 2007.

Application for Transfer Denied Oct. 30, 2007.

Koreen Lee Gummere, Imperial, MO, for appellant.

Michelle S. House–Connaghan, Gina Casalone, St. Louis, MO, for respondent.

Before GLENN A. NORTON, P.J., LAWRENCE E. MOONEY, J., and KENNETH M. ROMINES, J.

### ORDER

PER CURIAM.

This is a family law case involving S.R., a minor child (Child), S.H.R. (Father), and

K.M. (Mother). This matter arose out of a paternity and custody judgment rendered in 2001. In February 2006, The Circuit Court of the City of St. Louis (Court), the Honorable Michael F. Stelzer presiding, modified the 2001 judgment, and issued Findings, Conclusions and Judgment of Modification of Child Custody Order. In this Order, Judge Stelzer found, *inter alia,* that Mother made unsubstantiated hotline calls against Father; Mother subjected Child to numerous psychological, vaginal, and rectal examinations, in response to these unsubstantiated allegations; Mother violated the terms of the visitation order and was arrested as a result; Children's Services found that Mother emotionally abused the child; and, due to Mother's conduct, Child has been diagnosed with Post–Traumatic Stress Disorder. Judge Stelzer found that it was not in Child's best interests to have unsupervised visitation, and restricted Mother's visitation rights to supervised visits.

Mother appeals the Court's Order, and raises several points of error, which challenge the jurisdiction of the Court, and the Court's rulings on her motions for change of venue and change of judge. We have reviewed the briefs of the parties and the Record on Appeal, and find that no error of law appears.[1] Thus, a written opinion would have no precedential value. The Judgment is affirmed pursuant to Rule 84.16(b)(5).

---

1. While the Judgment is affirmed on legal grounds, we also note that Appellant's brief failed to comply with Rule 84.04 in any respect. The 22 page Statement of Facts is disorganized and incoherent, does not inform this Court what the case is about, and is thus not a "fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Moreover, the Points Relied On—also incoherent—are redundant, and do not comply with Rule 84.04(d)(1).